# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

IN RE: MOTION TO COMPEL
TESTIMONY AND DOCUMENT
PRODUCTION OF NON-PARTY
WITNESS GEORGE CLINTON,

BRIDGEPORT MUSIC, INC.,
and WESTBOUND RECORDS, INC.,

    Plaintiffs,

vs.                                              Case No. 4:21mc03-MW-MAF

TUFAMERICA, INC., d/b/a TUFF
CITY RECORDS, and
KAY LOVELACE TAYLOR,
individually and on behalf of the
Estate of LeBaron Taylor,

    Defendants.
_____/

## O R D E R

A motion to compel has been filed, ECF No. 1, seeking to compel non-party witness George Clinton to appear for a deposition no later than March 29, 2021, and produce certain documents. The motion was filed by Defendants in the underlying case which is proceeding in the Southern District of New York. ECF No. 1 at 2. Discovery in that litigation has a

cutoff deadline of April 3, 2021.  *Id.* at .3  The miscellaneous case filing fee has been paid.  ECF No. 3.

The motion explains that a subpoena was initially served on Mr. Clinton at his residence on March 11, 2020, requiring him to attend an April 15, 2020, deposition.  ECF No. 1 at 3; *see also* ECF No. 1-3 at 7 (Ex. C).  Due to the Covid-19 pandemic, Defendants' counsel advised that the deposition would be rescheduled.  *Id.*  Subsequent attempts at rescheduling have not gone well.  *Id.* at 4-8.

In particular, an attorney for Mr. Clinton did not respond to a request for a convenient date.  ECF No. 1 at 6.  When a date was unilaterally selected and an amended subpoena issued on February 4, 2021, counsel for Mr. Clinton did not respond to a request asking whether he (attorney McMillan) would accept service on Mr. Clinton's behalf.  *Id.* at 7.  Thereafter, the motion states that "service of the Amended Subpoena was attempted on February 10, 2021, and periodically thereafter."  *Id.*  Defendants now request an order compelling Mr. Clinton's "appearance for a deposition prior to the discovery cutoff of April 3, 2021."  *Id.* at 8.  They

also advise that Mr. Clinton has not been "released from the subpoena" and never filed an objection.[1] ECF No. 1 at 4.

Rule 37 permits a Court to enter an Order compelling discovery. However, to compel compliance with a subpoena, there must first be two showings - a subpoena must have been served and violated. Here, neither showing has been made.

Defendants have shown that the initial subpoena was served on Mr. Clinton at his residence. ECF No. 1-3 at 7. However, there is no showing that the amended subpoena was served on him. Defendants presented an email from a process server who sought to serve the amended subpoena on Mr. Clinton. ECF No. 1-16 (Ex. P). An attempt was made at 6:00 p.m. on February 10, 2021. *Id.* The notation afterwards states: "This subject is known to be difficult to serve. Attempted, 1 working car present. Left note." *Id.* A second attempt was made at 9:10 a.m. on February 11, 2021, and a notation thereafter states: "Attempted, same car,

---

[1] If a "party cancels and reschedules a deposition after issuing a subpoena with a specific date, a witness still is under a continuing duty to appear for a rescheduled deposition." Shulton, Inc. v. Optel Corp., 126 F.R.D. 80, 81 (S.D. Fla. 1989) (quoted in United States Equal Employment Opportunity Comm'n v. Hospman, LLC, No. 2:15-CV-419-FTM-29CM, 2016 WL 5942386, at *5 (M.D. Fla. Oct. 13, 2016)).

note on door." *Id.* A third attempt at 1:45 p.m. that same day states: "Attempted, extra car present. 1st note gone, left 2nd note." *Id.*

Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). The suggestion from Defendants' motion is that Mr. Clinton did not come to the door to accept service, but the facts in support of that suggestion are not clear. The fact that Mr. Clinton did not respond to whatever "note" was left is insufficient to show he is evading service. Frustration with non-responsiveness and delay caused by communications with counsel for the witness is understandable, but it is not sufficient at this juncture to grant a motion to compel.

Although the server reported Mr. Clinton was a "difficult" subject, he was previously served with a subpoena. Furthermore, recent case law from the Middle and Southern Districts of Florida have permitted service which is "reasonably calculated to ensure receipt of the subpoena by the witness," and not just personal service as stated within Rule 45. <u>TracFone Wireless, Inc. v. Nektova Grp., LLC</u>, 328 F.R.D. 664, 667 (S.D. Fla. 2019)

(citing See In re MTS Bank, No. 17-21545-MC, 2018 WL 1718685, at *4 n.3 (S.D. Fla. Mar. 16, 2018); Bozo v. Bozo, No. 12-CV-24174, 2013 WL 12128680, at *1 (S.D. Fla. Aug. 16, 2013); In re Falcon Air Exp., Inc., No. 06-11877-BKC- AJC, 2008 WL 2038799, at *1, *4 (Bankr. S.D. Fla. May 8, 2008); S.E.C. v. Rex Venture Grp., LLC, No. 5:13-MC-004-WTH-PRL, 2013 WL 1278088, at *3 (M.D. Fla. Mar. 28, 2013); TracFone Wireless, Inc. v. Does, No. 11-CV-21871-MGC, 2011 WL 4711458, at *4 (S.D. Fla. Oct. 4, 2011); Codrington v. Anheuser-Busch, Inc., No. 98-2417-CIV-T- 26F, 1999 WL 1043861, at *1 (M.D. Fla. Oct. 15, 1999)).  Under that standard, courts have permitted service of a subpoena by FedEx or UPS whose "methods are reasonably calculated to ensure receipt of the subpoena by the witness." TracFone Wireless, Inc., LLC, 328 F.R.D. at 667; Castleberry v. Camden Cty., 331 F.R.D. 559, 562 (S.D. Ga. 2019) (agreeing "that personal service is not required for service of Rule 45 subpoenas"); *see also* S.E.C. v. Rex Venture Grp., LLC, No. 5:13-MC-004-WTH- PRL, 2013 WL 1278088, at *2 (M.D. Fla. Mar. 28, 2013) (noting that non-party was served with a Rule 45 subpoena "both by certified mail and federal express").  Here, Defendants have not shown that Mr. Clinton has been

served with the amended subpoena, nor have they exhausted ways in which to serve him with the subpoena.

Consequently, because the motion does not show that Mr. Clinton was served with the amended subpoena, it is also insufficient to demonstrate that he failed to comply with it as required by Rule 37(a)(1). Thus, Defendants' motion to compel, ECF No. 1, is denied without prejudice because it was prematurely filed. Should Mr. Clinton be served with an amended subpoena and then fail to comply with its requirements, an appropriate motion may then be submitted.

Accordingly, it is **ORDERED** that the motion to compel, ECF No. 1, is **DENIED without prejudice.**

**DONE AND ORDERED** on February 23, 2021.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**